UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William H. Walls |
| v. | : | Crim. No: 18-379 (WHW) |
| GERMAINE H. KING and<br>DANIEL K. DXRAMS,<br>  a/k/a "Daniel Kusi,"<br>  a/k/a "Danny D. Dxrams,"<br>  a/k/a "Randy N. Amoateng" | : | |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney for the District of New Jersey (by Anthony Moscato and Lakshmi Srinivasan Herman, Assistant U.S. Attorneys, appearing) and defendant Germaine H. King (by Germaine H. King appearing by *pro se* representation and by Kenneth Kayser, Standby Counsel, Esq.) for a protective order (the "Protective Order") concerning the use of discovery materials, including any documents or other information subject to the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady v. Maryland*, and *United States v. Giglio*, that contain the following information: (1) a third party's (a) social security number; (b) taxpayer identification number; (c) birth date; (d) financial account number; (e) home address; (f) telephone number; or (g) email address; (2) defendant King's (a) social security number; (b) taxpayer identification number; (c) birth date; (d) financial account number; (e) home address; (f) telephone number; or (g) email address;

(3) defendant Dxrams' (a) social security number; (b) taxpayer identification number; (c) birth date; (d) financial account number; (e) home address; (f) telephone number; or (g) email address; and (4) any other discovery materials that the parties designate as "confidential" (hereinafter, "Confidential Discovery Materials"); and

The parties having agreed that the procedure to regulate the disclosure and use of the Confidential Discovery Materials will not impede Defendant King's and Defendant Dxrams' preparation of defenses, but merely will protect against the improper dissemination or use of any Confidential Discovery Materials; and

For good cause shown,

IT IS on this _8_ day of January, 2019,

STIPULATED, AGREED, AND ORDERED that:

1. In addition to making the Confidential Discovery Materials available to the defense for inspection, review, and copying, the Government is authorized to provide both defense counsel with their own copies of Confidential Discovery Materials to facilitate preparation for trial.

2. The Confidential Discovery Materials shall be used by Defendant King and Defendant Dxrams and/or their defense counsel only in the preparation of the defense in this case.

3. Access to Confidential Discovery Materials will be restricted to personnel authorized by the Court, namely, (1) Defendant King, Defendant Dxrams, counsel of record for both Defendant King and Defendant Dxrams, and associated attorneys, paralegals, investigators, experts (retained pursuant to a

2

written retainer agreement, by Defendant King, Defendant Dxrams, and/or their counsel in connection with the criminal case, and the experts' employees and support personnel), and secretaries employed by both counsel of record and performing services on behalf of Defendant King and Defendant Dxrams (collectively, the "Defense"), (2) individuals who the Defense in good faith believes may either be a prospective witness in the action, or who may be able to provide the Defense with leads for purposes of defending this action, (3) third-party consultants (and their employees and support personnel), and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and (4) such other persons as hereafter may be authorized by the Court upon a motion by either Defendant King or Defendant Dxrams.

4. Notwithstanding the provisions of Paragraph 3, the Defense may discuss or review Confidential Discovery Materials with other individuals, including prospective witnesses and their counsel, as necessary to prepare the defense, but the Defense shall not permit such individuals to possess or retain Confidential Discovery Materials or duplicate versions.

5. The following restrictions will be placed on the individuals described in Paragraph 3 unless further ordered by the Court. These individuals shall not:

    a. Duplicate Confidential Discovery Materials for, or allow copies of any kind to be made by, any other person not described in Paragraph 3, or allow Confidential Discovery Materials to be otherwise disseminated;

        b.    Allow any person to read, view, or possess Confidential Discovery Materials except as provided in Paragraphs 3 and 4; or

        c.    Use Confidential Discovery Materials for any other purpose other than in connection with the preparation of a defense against the charges in this matter.

6.    Defense counsel for Defendant King and Defendant Dxrams shall advise any person to whom Confidential Discovery Materials are disclosed by either defense counsel that such information should be held in strict confidence and that the person must comply with the restrictions of paragraphs 2 and 5 above.

7.    Except as provided in Paragraphs 3 and 4, the Defense shall not disclose Confidential Discovery Materials to any person without leave of Court obtained on application to the Court and with notice to the Government.

8.    If any party, including the Government, includes any Confidential Discovery Materials in connection with the filing of a motion, that party shall file such materials provisionally under seal. Any party shall have ten days from the date of such filing to file a formal motion to seal any or all such materials, which may be opposed by any other party. If the Court grants the motion to seal, the materials at issue in the motion to seal shall remain under seal. If no motion to seal is filed, or such motion is denied, the materials shall be unsealed.

9.    Any Confidential Discovery Materials filed with the Court must comply with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure. The Defense may disclose the Confidential Discovery Materials for

use at trial, subject to Fed. R. Crim. P. 49.1 and any other applicable law or rules.

10. This stipulation is binding on all future and successor counsel.

11. Within a reasonable period of time following the conclusion of this litigation (*i.e.*, when either Defendant King or Defendant Dxrams has exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea, and the conclusion of any *habeas* proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. §2255, if no such petition is filed prior to that time), Defendant King's and Defendant Dxrams' counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Confidential Discovery Materials (excluding any materials over which either Defendant King or Defendant Dxrams has a proprietary or ownership interest), except for copies of Confidential Discovery Materials that remain in defense counsels' files and which are stored within defense counsels' offices or in a secure file storage facility.

12. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Form and entry consented to:

_____
Anthony Moscato
Lakshmi Srinivasan Herman
Assistant United States Attorneys

_____
Kenneth Kayser, Esq.
Standby Counsel for Defendant King
    By: Germaine - Howard

_____
Germaine H. King
Defendant


_____
Michael A. Orozco, Esq.
Counsel for Defendant Dxrams


_____
Daniel K. Dxrams
Defendant

_____
Anthony Moscato
Lakshmi Srinivasan Herman
Assistant United States Attorneys


_____
Kenneth Kayser, Esq.
Standby Counsel for Defendant
King


_____
Germaine H. King
Defendant


_____
Michael A. Orozco, Esq.
Counsel for Defendant Dxrams


_____
Daniel K. Dxrams
Defendant

It is so ORDERED

_____
HON. WILLIAM H. WALLS
Senior U.S. District Judge