

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*      *973-645-2700*
*Newark, New Jersey 07102*

April 10, 2019

**VIA ECF**
Honorable William H. Walls
Senior United States District Judge
M.L.K., Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    U.S. v. Germaine H. King, Criminal Number 18-379 (WHW)

Dear Senior Judge Walls:

    Trial in the above-captioned matter is scheduled to begin on May 21, 2019. The United States respectfully submits this letter to request that, prior to the commencement of trial, the Court conduct an inquiry pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

    As this Court is aware, the Supreme Court in *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance. Recognizing that this holding would create an opportunity for defendants to manipulate the process, the Court went on to suggest that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding or *before a trial on the merits*, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id.* at 1408-09 (emphasis added).

In this case, the Government has made a formal plea offer to defendant Germaine H. King (the "Defendant"), by letter dated September 12, 2018, and the letter was transmitted to the Defendant's former defense counsel, Anthony Pope. Thereafter, Mr. Pope notified the Government that the Defendant had rejected the plea offer. Subsequently, the Defendant chose to represent himself with Kenneth Kayser, Esq., serving as his standby counsel.

In light of the Supreme Court's decision in *Frye*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the Defendant from claiming that Mr. Pope failed to convey and advise him about this formal plea offer made by the Government, and to make a sufficient record that counsel fulfilled those obligations. Specifically, the Government suggests that, after the Government sets forth on the record that a formal plea offer was sent to Mr. Pope by letter dated September 12, 2018,[1] the Court ask Mr. Pope the following questions:

September 12, 2018 Plea Offer

1. Did you receive a proposed plea agreement dated September 12, 2018?

2. Did you provide a copy of that proposed plea agreement to the Defendant?

3. Did you have a sufficient opportunity to discuss the proposed plea agreement with the Defendant?

4. Did you review the proposed plea agreement with the Defendant prior to the expiration date of the plea offer?

5. Did you answer any and all questions from the Defendant about the proposed plea agreement?

6. Did you discuss with the Defendant the advantages and disadvantages of accepting and of rejecting the proposed plea agreement?

7. Did you explain to the Defendant that accepting or rejecting the proposed plea agreement was exclusively his decision to make?

8. Did the Defendant reject the proposed plea agreement?

---

[1] To ensure compliance with the obligations against judicial involvement in plea negotiations, Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offers.

If Mr. Pope answers "yes" to all of those questions, the Government suggests that the Court address the Defendant as follows: I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question – nothing more.

1. Did you receive the proposed plea agreement dated September 12, 2018?

2. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

3. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

4. Did you, in fact, reject the proposed plea agreement?

The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* problems without compromising or intruding upon the attorney-client relationship.

        Respectfully submitted,

        CRAIG CARPENITO
        United States Attorney

        *s/LAKSHMI SRINIVASAN HERMAN*
        By: LAKSHMI SRINIVASAN HERMAN
        ANTHONY MOSCATO
        Assistant United States Attorneys

cc: Kenneth Kayser, Esq. (via electronic mail)
    Anthony Pope, Esq. (via electronic mail)