Germaine King
509 Trotters Lane
Elizabeth, New Jersey 07208


Newark Federal Court
Honorable Judge Vazquez
US Post Office & Courthouse Bldg. 3rd fl
Federal Square
Newark, NJ 07101


January 23, 2020


RE: Germaine King- Docket # 2:2018-cr00379-JMV-2
    Melissa Reynolds- Docket # 2:2018-CR-00687-JMV-1


Dear Honorable Judge Vazquez:


This is in response to the Government's opposition to Defendants Germaine King and Melissa Reynolds request to staggered sentences submitted by Lakshmi Herman's letter dated January 23, 2020.

As you Honor is aware, Melissa Reynolds docket # 2:2018-CR-00687-JMV-1, was sentenced on December 18, 2019 to 1 year and one day. Germaine King docket # 2:2018-cr00379-JMV-2 on January 7, 2020 to serve a term of 70 months. It goes without saying that if both parties are incarcerated at the same time it will pose a financial burden on the household. The Government has established that Nefra Fraser is a disabled 72-year-old woman and Hyacinth Reynolds is a 65-year-old retired woman whom reside in the home of King and Reynolds. Since both mothers do not work, they will not be able to pay the household bills while Kings and Reynolds are incarcerated.

The Government states in the opposition that Kings daughter S.K lives in East Orange and not with the biological parents per the presentence report paragraph 137. This information located in the PSR is incorrect and was not addressed as it was an oversight by Defendant King. S.K attends school in Bound Brook and has attended school in this district since 2016. Both the biological mother and Mr. King share residential custody and are responsible for getting S.K to and from school as well as activities. S.K has only solely lived with the biological parents and has never lived with a third party. S.K spends 3-4 nights in Elizabeth with King and 3-4 nights in Bound Brook with the biological mom. It is also not the responsibility of any alternative family members to care for S.K as the Government has recommended in the absence of King and Reynolds.

The Government also indicates Kings mother has alternative family members that she can stay with during the imprisonment. The Government mentions a son in Atlanta. The transition of Nefra Fraser to Atlanta would mean that she would need to apply for social services and disability in another state and all her medical care would need to transition. This would mean Ms. Fraser would need to terminate benefits in one state (NJ) prior to applying in another state (GA). Prior to applying for benefits in a new state she would need to establish residency. This would cause her to not have medical coverage for a period of time which is not practical with her medical condition. The Government also mentions Ms. Fraser has a son in New York. Ms. Fraser does not have a son in New York as she only has two children. MS Fraser does not have any other family members that she can stay with. The Government also assumes her sons' home in Atlanta has accommodations for Ms. Fraser.  The Government also gives a third reason of Reynolds mother residing in the house. The Government should note that Reynolds mother Hyacinth Reynolds is not responsible for the care of Nefra Fraser and is not able to provide care for Ms. Fraser for any period of time. Hyacinth Reynolds has her own health issues and responsibilities caring for her husband Donald Sutton who suffers from heart issues and has coded several times as noted in Reynolds presentence report paragraph # 133. In addition Hyacinth Reynolds is retired and cannot afford to maintain all the household responsibilities and care for children and be a care giver to someone else.

The Government also states in the opposition that per Reynolds presentence report it does not indicate if son H.J resides with Reynolds and King. As per the letter submitted on January 13th Ms. Reynolds advised the court that H.J does reside with Reynolds and King. H.J does spend 2 nights of the week with his biological dad. The Government also indicates H.J father wrote a letter in 2010 indicating H.J lives with him 5-7 days a week. This letter was dated 10 years ago and was a desparate plea to prove a hardship to qualify for a loan modification and was not truthful. It is the wishes of H.J the 14-year-old child to be able to remain in the home of Reynolds and King during the incarceration period due to family dynamics in the father's home. H. J father pays Ms. Reynolds weekly child support which is a court order and collected through probation for the children. If H.J does not reside with Ms. Reynolds I doubt the father would continue to pay a support order since 2009 without requesting the courts to modify it.  Reynolds does not have alternative family that can care for H.J. The Government mentions a sister that resides in Piscataway. H.J does not have a relationship with his aunt, and she would not be able to get him to school from Piscataway to a school district he has attended since age 3. It would be unreasonable to change his school for a short period of time. Both Reynolds and King are financially responsible for H.J and the other children and parents in the home.

In conclusion the request to ask the court to stagger the sentence would ensure the elders in the house and children can still remain to have as much a normalization during this transition period over the next year.

Thank you in advance for taking the time to consider this request.


Respectfully Submitted,

*Germaine King*

Germaine Howard King