**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor* *973-645-2700*
*Newark, New Jersey 07102*

October 18, 2021

**Via ECF and Electronic Mail**
The Honorable John Michael Vazquez
United States District Judge
U.S. Post Office & Courthouse
1 Federal Square
Newark, New Jersey 07101

Re: United States v. Germaine H. King
Crim. No. 18-379 (JMV)

Dear Judge Vazquez:

Please accept this letter in *lieu* of a more formal submission in response to the letter request for custodial credit pursuant to Title 18, United States Code, Section 3585 ("Petition") of Germaine H. King ("Petitioner"), filed on October 4, 2021. This Petition should be denied because the Federal Bureau of Prisons ("BOP"), rather than this Honorable Court, is the arbiter of custody credits, and Petitioner has not sought, and therefore not exhausted, his administrative remedies with the BOP.

BACKGROUND

On June 20, 2019, Petitioner was convicted after a jury trial in the District of New Jersey on all 15 counts of an Amended Second Superseding Indictment in which he was charged with one count of a dual-object conspiracy to commit mail fraud and bank fraud, three counts of bank fraud, one count of conspiracy to commit mail fraud, and ten counts of mail fraud. [ECF # 132]. On January 7, 2020, this Honorable Court sentenced Petitioner to a 70-month term of imprisonment on each count, to be served concurrently, and entered an order of restitution in the amount of $592,780.99 and an order of forfeiture in the amount of $457,000. [ECF #161]. On January 17, 2020, a Notice of Appeal was filed on the Petitioner's behalf. [ECF # 170]. On January 21, 2020, an Amended Motion for Leave to Appeal *in Forma Pauperis* was filed on behalf of Petitioner. [ECF #171].

Petitioner sought to delay his surrender date to begin serving his sentence on several occasions. On January 27, 2020, this Honorable Court denied the request of Petitioner and his co-conspirator wife for staggered sentences, finding that they had failed to demonstrate that alternative living arrangements for their dependents were not reasonably available. [ECF #174]. On June 1, 2020, this Honorable Court denied Petitioner's motion to extend his surrender date to Fort Dix-FCI from June 9, 2020 to September 9, 2020 based on alleged conditions at the facility due to COVID-19, and based on claims of his concerns about his mother's health and the necessity to spend time with his daughter. [ECF #185]. On June 5, 2020, this Honorable Court denied the Motion for Reconsideration, and ordered that Petitioner report to Fort Dix-FCI on June 9, 2020. [ECF #189].

On October 4, 2021, Petitioner filed the instant letter request for seven months of custodial credits based on his time spent on home confinement and in official detention pre-sentencing. Prior to Petitioner's conviction and sentencing, at the initial appearance on March 20, 2018 after his arrest, a $250,000 bond was imposed, and he was placed on location monitoring. [ECF # 18]. On May 16, 2018, Petitioner's conditions of bail were revoked, and an order of detention was entered, requiring that Petitioner be placed in the custody of the U.S. Marshals Service. [ECF # 55]. After a bail hearing on July 11, 2018, a $250,000 unsecured bond and home confinement were imposed on Petitioner. [ECF # 65]. Petitioner was granted permission to return to work on August 9, 2018 [ECF # 71], and was permitted to travel to Morgan State University in Maryland to visit and/or assist his stepdaughter on several occasions [ECF ## 72, 81, 91, 97].

<u>ARGUMENT</u>

Although not styled as such, a petition contesting the calculation for time served is properly brought under Title 28, United States Code, Section 2241, as it does not attack the legality of the sentence itself, but merely its execution. <u>Castelucci v. Ortiz</u>, Civ. No. 20-16600 (NLH), 2021 WL 4473116 at *1 (Sept. 30, 2021); <u>Winters v. Warden, FCI Fort Dix</u>, Civ. No. 09-4243 (NLH), 2009 WL 2928549 at *1 (D.N.J. Sept. 10, 2009); <u>Turcios v. Miner</u>, Civ. No. 05-3106 (FLW), 2005 WL 2237607, at *1 (D.N.J. Sept. 12, 2005). Although a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers, and must be construed liberally and with a measure of tolerance, a federal district court can dismiss a Section 2241 *habeas corpus* petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>Turcios</u>, 2005 WL 2237607 at * 1 (citations omitted).

Title 18, United States Code, Section 3585(b) governs credits for prior custody. That section provides as follows:

> [A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585(b).

In United States v. Wilson, 503 U.S. 329 (1992), the United States Supreme Court held that under Section 3585(b), a district court is not authorized to award custody credit at sentencing, stating that "[C]ongress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply Section 3585 at sentencing." Id. at 333. The Court ruled that the Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility for imprisoning federal offenders, and because the district court cannot determine the amount of the credit at sentencing, "the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." Id. at 333, 335. Accord United States v. Brann, 990 F.2d 98, 103 (3d Cir. 1992)(district courts do not have jurisdiction to grant credit for prior custody; the Attorney General has the power to grant credit for pretrial custody in the first instance); O'Shea v. United States, Civ. No. 04-5016 (FLW), 2005 WL 3440628 at *3 (D.N.J. 2005)(BOP, not court, is responsible for determination of credit at sentencing). See also Bureau of Prisons Policy Statement 5880.28, Sentence Computation Manual, available at https://www.bop.gov/inmates/custody_and_care/sentence_computations.jsp; https://www.bop.gov/policy/progstat/5880_030.pdf (discussing the application of Title 18, United States Code, Section 3585(b) and the procedures for determining prior custody credits).

The BOP's Administrative Remedy Program is outlined at Title 28, Code of Federal Regulations, Sections 542.10 - 542.19 (2021) (providing detailed procedures and guidelines for federal prisoners seeking administrative review of any aspect of their confinement). A petitioner must ordinarily first exhaust

his administrative remedies before seeking review under Section 2241 from a federal district court. Brann, 990 F.2d at 103-104; Castelucci, 2021 WL 4473116 at *2; Winters, 2009 WL 2928549 at *3 (citations omitted); Turcios, 2005 WL 2237607 at *3. The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under Section 2241 because:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996). Accord Castelucci, 2021 WL 4473116 at *2; Winters, 2009 WL 2928549 at *3; Turcios, 2009 WL 2237607 at *3.

Failure to exhaust administrative remedies generally bars review of a Section 2241 petition absent a showing of cause and prejudice or absent a showing that exhaustion would be futile or otherwise excused.[1] Castelucci, 2021 WL 4473116 at *2 (quoting Moscato, 98 F.3d at 761); Turcios, 2005 WL 2237607 at *3.

> Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. See Hayes v. Ortiz, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."), appeal dismissed sub nom. Hayes v. Warden Fort Dix FCI, No. 20-2388, 2020 WL 7873242 (3d Cir. Oct. 7, 2020); Shoup v. Shultz, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Consequently, the calamity - if any — which Petitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a

[1] "Exhaustion of administrative remedies is not required where the issue presented involves only statutory construction, because there is no need for an administrative agency to develop a factual record or to apply its expertise with respect to the circumstances presented." *Turcios*, 2005 WL 2237607 at *3 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir.1981) (citing *U.S. ex re. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir.1973), *rev'd on other grounds*, 417 U.S. 653 (1974)).

> basis for excusing the exhaustion requirement."). Moreover, it appears from the Court's review that there are disputed facts such that this question would benefit from administrative review in the first instance. Therefore, the Court will dismiss this claim as unexhausted.

Castelucci, 2021 WL 4473116 at *2.

In this case, Petitioner has not alleged that he has pursued administrative remedies whatsoever, and further, he has not alleged any facts that would suggest that exhaustion would be futile or otherwise excused. This Honorable Court, under relevant prevailing law, should therefore find that the Petition must be denied for Petitioner's failure to pursue and exhaust administrative remedies.[2]

---

[2] Without conceding the necessity of the exhaustion of administrative remedies in this case, Petitioner's request for home confinement to be credited against his prison sentence is meritless under Section 3585(b), as "home confinement" does not constitute "official detention" under the statute. *See Edwards v. United States,* 41 F.3d 154, 156-157 (3d Cir. 1994) ("the terms of [petitioner's] home confinement were just not sufficiently onerous to approach jail-type incarceration, and, therefore, did not constitute official detention within the meaning of § 3585 . . . Congress has determined that the sinner must suffer. [Petitioner] was placed on court-ordered, pretrial detention to ensure his appearance at trial, and the fairly modest nature of the restrictions placed on him reflects that purpose. His home confinement was not sufficiently jail-like to punish and he gets no credit"); *O'Shea*, 2005 WL 3440628 at *3 (petitioner not entitled to credit for time spent in home confinement).

Nevertheless, the United States continues to urge that the BOP, rather than this Honorable Court, is the appropriate entity to review all of the relevant facts to make the sentencing credits determination. *Brann*, 990 F.2d at 103-104 ("[w]e do not reach the question of whether house arrest can in fact qualify as pretrial detention. The issue of whether there has been proper credit of any prior custody to the term of [petitioner]'s sentence is not ripe"); *O'Shea,* 2005 WL 3440628 at *3 ("even if petitioner were eligible for credit for time spent in home confinement, the BOP and not the judiciary is charged with the determination of these good time credits").

## Conclusion

The BOP, rather than this Honorable Court, is the appropriate entity to review sentencing credits, and Petitioner has not even asserted that he has pursued administrative remedies with the BOP. The petition should therefore be denied in its entirety.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By: Joyce M. Malliet
Assistant U.S. Attorney

cc: Germaine H. King, *Pro Se* (via mail)
Daniel J. Carney, Senior U.S. Probation Officer (via e-mail)