**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

November 15, 2021

**Via ECF and Electronic Mail**
The Honorable John Michael Vazquez
United States District Judge
U.S. Post Office & Courthouse
1 Federal Square
Newark, New Jersey 07101

Re: United States v. Germaine H. King
Crim. No. 18-379 (JMV)

Dear Judge Vazquez:

Please accept this letter in *lieu* of a more formal submission in response to the apparent motion for summary judgment for custodial credits, pursuant to Federal Rule of Civil Procedure 56, of Germaine H. King ("Defendant"), filed on October 28, 2021. This motion should be denied with prejudice because Federal Rule of Civil Procedure 56 does not apply to criminal proceedings or to proceedings seeking prisoner custodial credits.

Federal Rule of Civil Procedure 56 provides, in pertinent part, as follows:

> [A] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

The scope and purpose of the Federal Rules of Civil Procedure is outlined in Federal Rule of Civil Procedure 1, which states as follows:

> [T]hese rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 81, in pertinent part, provides as follows:

> (a) **Applicability to Particular Proceedings**.
>
> (1) ***Prize Proceedings***. These rules do not apply to prize proceedings in admiralty governed by 10 U.S.C. §§ 7651-7681.
>
> (2) ***Bankruptcy***. These rules apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure.
>
> (3) ***Citizenship***. These rules apply to proceedings for admission to citizenship to the extent that the practice in those proceedings is not specified in federal statutes and has previously conformed to the practice in civil actions. The provisions of 8 U.S.C. § 1451 for service by publication and for answer apply in proceedings to cancel citizenship certificates.
>
> (4) ***Special Writs***. These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings:
>
> (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and
>
> (B) has previously conformed to the practice in civil actions.
>
> (5) ***Proceedings Involving a Subpoena***. These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or

> agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.
>
> (6) ***Other Proceedings***. These rules, to the extent applicable, govern proceedings under the following laws, except as these laws provide other procedures:
>
> (A) 7 U.S.C. §§ 292, 499g(c), for reviewing an order of the Secretary of Agriculture;
>
> (B) 9 U.S.C., relating to arbitration;
>
> (C) 15 U.S.C. § 522, for reviewing an order of the Secretary of the Interior;
>
> (D) 15 U.S.C. § 715d(c), for reviewing an order denying a certificate of clearance;
>
> (E) 29 U.S.C. §§ 159, 160, for enforcing an order of the National Labor Relations Board;
>
> (F) 33 U.S.C. §§ 918, 921, for enforcing or reviewing a compensation order under the Longshore and Harbor Workers' Compensation Act; and
>
> (G) 45 U.S.C. § 159, for reviewing an arbitration award in a railway-labor dispute.
>
> (b) ***Scire Facias and Mandamus***. The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules.
>
> (c) **Removed Actions**.
>
> (1) ***Applicability***. These rules apply to a civil action after it is removed from a state court.

Fed. R. Civ. P. 81(a) –(c).

Rule 1 of the Federal Rules of Civil Procedure indicates that "these rules," which include Federal Rule of Civil Procedure 56, apply to civil actions and proceedings. Federal Rule of Civil Procedure 81, which provides

for exceptions, does not provide any exceptions for criminal proceedings or for proceedings specifically relating to custodial credits.[1]

Because Defendant's apparent motion for summary judgment is improperly filed in this criminal matter, this motion should be denied with prejudice.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By: Joyce M. Malliet
Assistant U.S. Attorney

cc: Germaine H. King, *Pro Se* (via mail)
Daniel J. Carney, Senior U.S. Probation Officer (via e-mail)

---

[1] This Honorable Court previously denied two of Defendant's prior motions seeking custodial credits without prejudice, finding that he had not exhausted administrative remedies. ECF ## 206, 208. According to the Federal Bureau of Prisons ("BOP"), Defendant was previously afforded credit for pre-trial detention on March 30, 2018 and from May 16, 2018 to July 11, 2018. Contrary to Defendant's representations in the current motion, according to the BOP, he still has not made any requests for administrative remedy as to the further custodial credits he continues to seek.