**U.S. Department of Justice**
United States Attorney
District of New Jersey

January 30, 2026

**Via ECF and U.S. Mail**
Honorable Brian R. Martinotti
United States District Judge
Martin Luther King Courthouse & Federal Building
One John F. Gerry Plaza
Newark, New Jersey 07101

Re: United States v. Germaine King
Crim. No. 18-00379 (BRM)

Dear Judge Martinotti:

Please accept this letter in *lieu* of a more formal submission in response to Defendant Germaine King's Motion for Review and Modification of his Restitution ("Motion") (ECF No. 247). Defendant's Motion seeks to have this Court review his restitution obligation because he believes "an *alleged* victim *may have*, in fact, been overpaid." Mot. at 1 (emphasis added).[1] Defendant argues that the Court improperly calculated his restitution obligation in the original judgment and that the Court has the authority to amend his restitution obligation. Defendant's motion is premised upon his misunderstanding of the law and a misunderstanding of a tax document that he received.

Defendant cites as legal support for this Court's authority to reopen his now six-year-old Judgment a provision in the Mandatory Victims' Restitution Act, 18 U.S.C. §3663A, et seq. ("MVRA"), that he believes subjects final judgments to modification. Mot. at 1 (citing 18 U.S.C. § 3664(k)). In fact, the time for challenging Defendant's Judgment and restitution order has long passed. *See, e.g.*, *Balter v. Martinez*, 477 F. App'x 873, 875 (3d Cir. 2012) (unpublished) ("[T]he proper time for challenging a restitution order is on direct appeal."); *Duronio v. Werlinger*, 454 F. App'x 71, 73 n.3 (3d Cir. 2011) (unpublished) ("To the extent that [the defendant] wished to contest the validity of the restitution order itself, such a challenge should have been made on direct appeal."). Therefore, Defendant is obligated to pay the

[1] The Government notes that none of the victims are "alleged" victims as a result of this Court's Judgment determining that Defendant's criminal activities did, in fact, cause harm to the identified victims. *See* ECF No. 166 at 7-8.

full amount of restitution ordered by the Court in its January 7, 2020 Judgment. ECF No. 166.

The provision in the MVRA on which Defendant relies offers no support for his position. Instead, 18 U.S.C. § 3664(k) only authorizes "the court [. . .] [to] adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *See, e.g., United States v. Fischer*, 2021 WL 120842 (M.D. Pa. January 13, 2021) ("Section 3664(k) does not authorize modification of the amount of restitution, but it does permit the Court to modify any payment schedule for payment of restitution that was imposed by the Court." (citations omitted)).

Furthermore, the tax document issued by a victim demonstrates only that it has recognized that Defendant is unlikely to pay his long overdue debt. This does not amount to the victim having been paid. Finally, should any victim elect to waive receipt of any future payments from the Defendant, then pursuant to 18 U.S.C. § 3664(g)(2) any future payments are to be made "to the Crime Victims Fund in the Treasury without in any impairing the obligation of the defendant to make such payments." *See, e.g., United States v. Hankins*, 858 F.3d 1273, 1279 (9th Cir. 2017).

Accordingly, the Court should deny Defendant's Motion to have his restitution obligation reviewed.

Respectfully submitted,

TODD BLANCHE
U.S. DEPUTY ATTORNEY GENERAL

PHILIP LAMPARELLO
SENIOR COUNSEL

By: *s/ Jordan M. Anger*
Jordan M. Anger
Assistant United States Attorney

cc: Germaine H. King (via U.S. Mail)